UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARY K. GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK d/b/a JCPENNEY CREDIT SERVICES,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:17-cv-03226<br><br>JURY DEMAND |

# COMPLAINT

NOW comes MARY K. GARCIA ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SYNCHRONY BANK d/b/a JCPENNEY CREDIT SERVICES ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a 54 year-old natural person residing at 806 Crockett Street, Midlothian, Texas, which is located within the Northern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a financial services company organized under the laws of the United States and maintains its headquarters at 777 Long Ridge Road, Stamford, Connecticut. Defendant regularly conducts business with consumers in Texas, including Plaintiff.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff obtained a JCPenney store card issued through Defendant, in order to purchase personal goods.

10. Shortly thereafter, Plaintiff became disabled and was unable to work, which caused her to fall behind on her payments owed to Defendant, thus incurring debt ("subject debt").

11. In approximately June 2016, Plaintiff began receiving calls to her cellular phone, (214) XXX-0427, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 0427. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant has used a variety of phone numbers and area codes when placing calls to Plaintiff's cellular phone, including but not limited to: (330) 433-5966, (866) 771-1104, (877) 317-5659, and (407) 517-9759.

14. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

15. When Plaintiff has answered phone calls from Defendant, she has experienced a recorded message and noticeable pause, lasting several seconds in length, before being connected with a live representative.

16. During calls with Defendant, Plaintiff informed it of her financial situation and upon Defendant's refusal to understand, Plaintiff demanded that it stop contacting her.

17. Despite Plaintiff's demands, Defendant continued to systematically call Plaintiff's cellular phone up until at least April 2017.

18. Even after being told to stop, Defendant has placed multiple calls to Plaintiff's cellular phone during the same day, with calls ringing within mere minutes of each other.

19. For instance, Defendant has placed between four and five phone calls to Plaintiff's cellular phone on over forty different days.

20. Plaintiff has received not less than 444 phone calls from Defendant since demanding that it stop calling her.

21. These 444 phone calls were placed by Defendant in a span of approximately 10 months.

22. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

23. With the goal of specifically addressing Defendant's conduct, Plaintiff has spent approximately $69.00 to purchase and maintain an application subscription on her cellular phone in an attempt to quell Defendant's calls, resulting in pecuniary loss.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. During answered calls from Defendant, Plaintiff experienced a recorded message and noticeable pause lasting a handful of seconds in length prior to being connected with a live representative, which is instructive that an ATDS was being utilized to generate the calls.

Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

29. Defendant violated the TCPA by placing at least 444 phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff may have given to Defendant was explicitly revoked by her demands that it cease contacting her.

30. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

31. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Defendant was notified that Plaintiff did not wish to receive any further phone calls. Defendant not only failed to honor Plaintiff's request, but it bombarded Plaintiff's cellular phone with mass phone calls on a daily basis. There is absolutely no reason why Defendant should be contacting any consumer 444 times in 10 months, let alone one who explicitly notified it to cease contacting her. Defendant's conduct is hallmark of willful and knowing behavior.

WHEREFORE, Plaintiff, MARY K. GARCIA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

34. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

35. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

36. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

37. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 444 times after she notified it to stop calling. This repeated behavior of systematically placing mass phone calls on a daily basis to Plaintiff's phone in spite of Plaintiff's demands was harassing and abusive. Further, the nature and volume of phone calls would naturally cause an individual to feel oppressed.

38. Upon being told to stop calling, Defendant had ample reasons to be aware that it should not continue its harassing conduct. Yet, Defendant consciously chose to continue its barrage of calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, MARY K. GARCIA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 28, 2017					Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)			s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103			Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff					Counsel for Plaintiff
Admitted in the Northern District of Texas		Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.				Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200			2500 South Highland Ave., Suite 200
Lombard, Illinois 60148					Lombard, Illinois 60148
(630) 568-3056 (phone)					(630) 581-5858 (phone)
(630) 575-8188 (fax)					(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com				thatz@sulaimanlaw.com