**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MARY K. GARCIA, | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| v. | ) Case No. 3:17-cv-03226-M |
| | ) |
| SYNCHRONY BANK d/b/a JCPENNEY | ) |
| CREDIT SERVICES, | ) |
| | ) |
| *Defendant*. | ) |
| | ) |

**DEFENDANT SYNCHRONY BANK'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant Synchrony Bank, improperly named as Synchrony Bank d/b/a JCPenney Credit Services ("Synchrony"), by and through its undersigned counsel, and hereby Answers the Complaint of Plaintiff Mary K. Garcia ("Plaintiff") and sets forth its Affirmative Defenses as follows:

**NATURE OF THE ACTION**

1. Regarding the allegations in paragraph 1, Synchrony admits only that Plaintiff's Complaint asserts purported claims against Synchrony for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, ("TCPA") and violations of the Texas Debt Collection Act, Tex. Fin. Code Ann. 392 *et seq*. ("TDCA"). Synchrony denies that it violated the TCPA, the TDCA, or any other law. Synchrony further denies the remaining allegations.

**JURISDICTION AND VENUE**

2. Regarding the allegations in paragraph 2, The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony admits that this Court has subject matter jurisdiction and supplemental jurisdiction but denies the remaining allegations of this paragraph.

3. Regarding the allegations in paragraph 3, Synchrony only admits that venue is proper.

**PARTIES**

4. Regarding the allegations in paragraph 4, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

5. Regarding the allegations in paragraph 5, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6. Regarding the allegations in paragraph 6, Synchrony admits only that it is a Utah business entity headquartered in Draper, Utah and that it regularly conducts business in the State of Texas.

7. Regarding the allegations in paragraph 7, Synchrony admits it is a person.

8. Regarding the allegations in paragraph 8, The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent a response to these allegations is required, Synchrony denies the same.

**FACTS SUPPORTING CAUSES OF ACTION**

9. Regarding the allegations in paragraph 9, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

10. Regarding the allegations in paragraph 10, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

11. Regarding the allegations in paragraph 11, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

- 3 -

12. Regarding the allegations in paragraph 12, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

13. Regarding the allegations in paragraph 13, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

14. Regarding the allegations in paragraph 14, Synchrony denies the allegations of this paragraph.

15. Regarding the allegations in paragraph 15, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16. Regarding the allegations in paragraph 16, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

17. Regarding the allegations in paragraph 17, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

18. Regarding the allegations in paragraph 18, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

19. Regarding the allegations in paragraph 19, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

20. Regarding the allegations in paragraph 20, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

21. Regarding the allegations in paragraph 21, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

22. Regarding the allegations in paragraph 22, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

23. Regarding the allegations in paragraph 23, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

24. Regarding the allegations in paragraph 24, Synchrony denies the allegations of this paragraph.

25. Regarding the allegations in paragraph 25, Synchrony denies the allegations of this paragraph.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Regarding the allegations in paragraph 26, Synchrony repeats its Answers to the foregoing paragraphs as if fully set forth herein.

27. Regarding the allegations in paragraph 27, Synchrony admits that Plaintiff has cited to the TCPA but denies that the allegations of this paragraph fully and completely state the effect and meaning of the Act.

28. Regarding the allegations in paragraph 28, Synchrony denies the allegations of this paragraph.

29. Regarding the allegations in paragraph 29, Synchrony denies the allegations of this paragraph.

30. Regarding the allegations in paragraph 30, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

31. Regarding the allegations in paragraph 31, Synchrony denies the allegations of this paragraph.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

32. Regarding the allegations in paragraph 32, Synchrony repeats its Answers to the foregoing paragraphs as if fully set forth herein.

33. Regarding the allegations in paragraph 33, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

34. Regarding the allegations in paragraph 34, Synchrony denies the allegations in this paragraph.

35. Regarding the allegations in paragraph 35, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

      **a.**    **Violations of TDCA § 392.302**

36. Regarding the allegations in paragraph 36, Synchrony admits that Plaintiff has cited to the TDCA but denies that the allegations of this paragraph fully and completely state the effect and meaning of the Act.

37. Regarding the allegations in paragraph 37, Synchrony denies the allegations in this paragraph.

38. Regarding the allegations in paragraph 38, Synchrony denies the allegations in this paragraph.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff failed to take proper and reasonable steps to avoid, minimize, or mitigate his alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiff, if any, should be reduced accordingly or eliminated entirely.

2. Plaintiff's claims are barred by the doctrine of unclean hands.

3. Plaintiff, by reason of her own actions and conduct, is barred from recovery on the grounds that Plaintiff has waived whatever rights she may have had to assert the claims alleged in the Complaint.

4. Plaintiff's claims are barred by the equitable doctrine of estoppel.

5. Each and every act of Synchrony complained of in this Complaint was justified, proper, legal, fair, and not done in degradation of Plaintiff's rights or legal interests.

6. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct or intervening acts of others, and not by Synchrony.

7. Although Synchrony denies any liability in this matter, Synchrony contends that any alleged acts or omissions of Synchrony giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Synchrony. Synchrony acted in a reasonable manner in connection with the transaction at issue in this action.

8. Synchrony at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Synchrony.

9. The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Synchrony.

10. Synchrony specifically denies acting with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

11. Plaintiff's claims are barred because Plaintiff lacks standing to bring them.

12. Plaintiff's claims are barred because Plaintiff consented to any alleged conduct in the Complaint and/or gave prior express consent to Synchrony to contact Plaintiff on her cellular phone.

13. Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account and Synchrony reserves the right to compel arbitration

pursuant to the terms and conditions of the applicable contractual agreements and or account terms and conditions.

14. Plaintiff's claims may be barred in whole or in part because the Plaintiff has suffered no actual injury and therefore has no standing to bring a statutory claim. *See Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) (granting certiorari in the question of whether Congress may confer Article III standing upon a plaintiff who suffers no actual harm and, therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.)

15. Plaintiff's claims are barred because Plaintiff gave his prior express consent to receive calls as part of her credit card agreement.

16. Plaintiff cannot unilaterally revoke her consent to receive calls to her cellular telephone with an automated dialing system or prerecorded voice, which she provided in her contract with Synchrony. *Reyes v. Lincoln Automotive Financial Services*, No. 16-2104 (2d Cir. 2017).

17. Synchrony has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available. Synchrony expressly reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

18. Plaintiff's subject debt is not a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

19. Plaintiff is not a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

WHEREFORE, Synchrony demands that the Complaint be dismissed with prejudice, and that the Court issue an order awarding it its costs of suit, including attorneys' fees, and all other relief this Court may deem just and equitable.

Dated: January 23, 2018            Respectfully submitted,

           By: */s/ Michael H. Bernick*
           Michael H. Bernick
           Federal ID No. 1439063
           State Bar No. 24078227
           REED SMITH LLP
           811 Main Street, Suite 1700
           Houston, Texas 77002
           Telephone: 713.469.3834
           Telecopier: 713.469.3899
           mbernick@reedsmith.com

           ATTORNEY IN-CHARGE FOR
           DEFENDANT SYNCHRONY BANK

OF COUNSEL:

Jeffrey D. Parks
State Bar No. 24076607
MACDONALD DEVIN, P.C.
1201 Elm Street, Suite 3800
Dallas, Texas 75270
Telephone: 214.744.3300
Telecopier: 214.747.0942
JParks@MacdonaldDevin.com

*Attorney for Defendant Synchrony Bank*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 23, 2018 the foregoing document was filed electronically and served on all Parties through the Court's CM/ECF System.

      Nathan C. Volheim
      Taxiarchis Hatzidimitriadis
      Ahmad T. Sulaiman
      Mohammed O. Badwan
      SULAIMAN LAW GROUP, LTD.
      2500 South Highland Ave., Suite 200
      Lombard, Illinois  60148
      nvolheim@sulaimanlaw.com
      thatz@sulaimanlaw.com
      ahmad.sulaiman@sulaimanlaw.com
      mbadwan@sulaimanlaw.com

      Jason M. Katz
      HIERSCHE, HAYWARD, DRAKELEY
        & URBACH, P.C.
      15303 Dallas Parkway, Suite 700
      Addison, Texas  75001-4610
      jkatz@hhdulaw.com

      Jeffrey D. Parks
      MACDONALD DEVIN, P.C.
      3800 Renaissance Tower
      1201 Elm Street
      Dallas, Texas 75270-2130
      jparks@macdonalddevin.com

                                                */s/ Michael H. Bernick*
                                                Michael H. Bernick